```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| DUANE JONES, : | |
| : | CIVIL ACTION |
| Plaintiff, : | NO. 15-2834 |
| : | |
| v. : | |
| : | |
| CITY OF PHILADELPHIA, et al. : | |
| : | |
| Defendants. : | |

## O R D E R

**AND NOW**, this **31st** day of **August, 2017**, upon consideration of Plaintiff's Second Amended Complaint (ECF No. 68), Defendants' Answer to the Second Amended Complaint (ECF No. 69), Defendants' Motion for Summary Judgment (ECF No. 70), and Plaintiff's response in opposition to Defendants' Motion for Summary Judgment (ECF No. 75), it is hereby **ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 70) is **DENIED**.[1]

---

[1] This civil rights action arises out of the allegedly unconstitutional stop, frisk, seizure, detention, and later physical threats against Plaintiff Duane Jones, an African American male, by various officers in the Philadelphia Police Department. See generally Second Am. Compl., ECF No. 68.

Specifically, Plaintiff alleges that, on the afternoon of May 23, 2013, while waiting for a bus at the corner of Broad and Tasker Streets in Philadelphia, he was approached and physically forced against a wall by Philadelphia Police Officer Shawn Hagan and Philadelphia Police Captain Martin Derbyshire. Second Am. Compl. ¶¶ 19-21. While positioned against the wall, Officer Hagan "seized, searched, and frisked [Plaintiff] without reasonable suspicion and/or probable cause that any criminal activity was afoot." Id. ¶ 22. Plaintiff alleges that "[he] was only stopped because he was a young African-American male in an area with a high-crime rate." Id. ¶ 27.

Plaintiff alleges he was then placed into a police vehicle and transported to the 17th District, where officers left him in the vehicle, with the windows closed and no water, for about one hour. See id. ¶¶ 35-42. Plaintiff was then transported to the 24th District for questioning. See id. ¶¶ 43-61. In total, Plaintiff was detained for about five hours. Id.

¶ 61. He alleges that, during this time, Philadelphia Police Detective Justin Frank searched his cell phone without a warrant, mocked him, and threatened him. See id.

Following this incident, Plaintiff alleges that he was contacted by Detective Frank several times via phone calls and text messages, which Plaintiff ignored. See id. ¶¶ 62-66. In September 2013, a plainclothes officer entered the grocery store where Plaintiff was employed and began photographing Plaintiff. See id. ¶ 68. When Plaintiff asked what he was doing, the plainclothes officer replied, "Frank says hello," and then left the grocery store. Id. Plaintiff subsequently quit his employment out of fright. See id. ¶ 69.

Finally, Plaintiff alleges he was stopped and frisked three more times without any probable cause or reasonable suspicion in September 2013, October 2013, and December 2013. See id. ¶ 70. Based on all of the foregoing facts, Plaintiff brings multiple claims against Defendant Officers Justin Frank, Joseph Caruso, Alexander Branch, Shawn Hagan, and Martin Derbyshire, including excessive force, wrongful search and seizure, false arrest and imprisonment, assault, and violations of substantive and procedural due process.

Defendants moved for summary judgment primarily on the basis that Plaintiff's claims are untimely. See Defs.' Mot. Summ. J. at 6-12, ECF No. 70. Plaintiff filed his initial complaint in this lawsuit on May 21, 2015, which fell within the two-year statute of limitations. ECF No. 1. Defendants disclosed the identities of the individual officers involved in the underlying incident on August 8, 2016. See ECF No. 29-2. On September 1, 2016, Plaintiff filed a motion for an extension of discovery deadlines on the basis that he had been unable to reach his legal counsel, John Joseph Martucci, Jr., Esquire, despite multiple attempts to make contact. ECF No. 31. Following Mr. Martucci's withdrawal from this case, see ECF No. 41, Plaintiff obtained new legal counsel, Matthew B. Weisberg, Esquire, and on February 21, 2017, the Court granted Plaintiff's motion to amend his complaint and substitute the names of the individual defendant officers, see ECF No. 64. Plaintiff timely filed this amended complaint two days later, on February 23, 2017. ECF No. 68. In light of this procedural history, the Court finds that Plaintiff's claims are not untimely.

With respect to the merits of the case, Defendants' motion for summary judgment contains no enumerated statement of facts with specific record citations or supporting authorities as required by Fed. R. Civ. P. 56(c)(1) and Local Rule 7.1(c), nor does it cite any record evidence other than a memorandum regarding internal complaints that Plaintiff filed with the Philadelphia Police Department concerning the incidents underlying the instant lawsuit. Without any supporting evidence whatsoever, Defendants argue only that "Plaintiff was brought into Detective Frank's District Office because he was identified as a robbery suspect and was questioned

**AND IT IS SO ORDERED.**

        **/s/ Eduardo C. Robreno**
        **EDUARDO C. ROBRENO, J.**

---

on that basis," Defs.' Mot. Summ. J. at 12, and that none of Detective Frank's allegedly threatening statements and text messages to Plaintiff "would cause a reasonable person to be in fear of 'imminent bodily harm,'" id. at 13. In response, and relying primarily on certain depositions the parties took in this case, Plaintiff maintains his version of the facts. See Pl.'s Resp. Opp. Defs.' Mot. Summ. J. at 7-8, ECF No. 75.

      Given the entirely contradictory accounts of the relevant incidents presented by each side, the Court finds that summary judgment is inappropriate here because the case contains numerous genuine issues of material fact. See Fed. R. Civ. P. 56(c). At bare minimum, the parties dispute whether Plaintiff cooperated with Defendants when he was initially stopped at the corner of Broad and Tasker Streets while waiting for the bus. Compare, e.g., Duane Jones Dep. 20:4-23:14, ECF No. 75-2, with Martin Derbyshire Dep. 15:3-17:20. Further, in light of the complete lack of evidence that Plaintiff ever committed a crime or that Defendants had any reason to believe he did so, and viewing the record evidence in the light most favorable to Plaintiff as the non-moving party, the Court finds that a reasonable jury could return a verdict for Plaintiff on each of his remaining claims against Defendants in this case. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

      Finally, the Court notes that Plaintiff has voluntarily withdrawn his Monell claims against Defendants. See Pl.'s Resp. Opp. Defs.' Mot. Summ. J. at 8. Accordingly, these claims shall not proceed to trial.